[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The Plaintiff in the above consolidated matters is before this Superior Court seeking relief from tax assessments by the City of Woonsocket for the 1988, 1989, 1990 and 1991 tax years. Jurisdiction in this Court is pursuant to Rhode Island General Laws 1956 (1988 Reenactment) § 44-5-26.
The following findings of fact have been accepted by this Court:
1. The plaintiff owns real estate located at 300 Park East Drive, Woonsocket, Rhode Island, Assessor's Plat 58, Lot 51.
2. The property is comprised of 2.255 acres of land and a 56,000 square foot building, situated in the Highland Industrial Park. The area is zoned industrial.
3. The City of Woonsocket commissioned an appraisal of all property in the city in 1987. The appraisals were conducted by S.L.F. Appraisal, Inc. ("SLF"), which used the `cost reproduction approach' to value the properties.
4. The tax bills for the tax years of 1988, 1989, 1990 and 1991 indicate a cash market value of plaintiff's property of $4,492,010.00, based upon the cost reproduction approach used by SLF.
5. For each tax year, the plaintiff made a timely appeal of the yearly assessment; the appeals were denied, the taxes were then properly paid, and plaintiff made timely appeals to Superior Court pursuant to G.L. § 44-5-26.
6. The plaintiff paid the following taxes to the defendant:
 a. 1988 $82,203.78
 b. 1989 $84,225.19
 c. 1990 $94,622.05
 d. 1991 $103,883.62
 Total Principal $177,997.56
 Total Interest $42,909.11
 Per Diem $58.52

It is well settled that the burden of proof is on the taxpayer to establish his contention that the tax assessor has set a value on his property that is greater than its full and fair cash value. Burrillville Racing Association v. Tellier,574 A.2d 749, 754 (R.I. 1990); Kargman v. Jacobs, 113 R.I. 696, 703, 325 A.2d 543, 547 (1974). The plaintiff in this case has met that burden.
Our Supreme Court has stated, in Socony-Vacuum Oil Co. v.French, 88 R.I. 6, 143 A.2d 318 (1958), that the trier of facts can accept the valuation of property of one set of experts and reject that of another set of experts. Kargman, at 547. This Court accepts the testimony of William E. Coyle, Jr., an expert in the field of real estate valuation with over 40 years experience. Mr. Coyle valued this property at $2,300,000.00 based upon three accepted methodologies: 1.) cost reproduction approach; 2.) market analysis approach; and 3.) income projection approach.
The cost reproduction valuation, which this Court accepts, was based upon an allocation of the building at 30% office use and 70% industrial and manufacturing use. This allocation was based upon Mr. Coyle's inspection of the property and review of floor plans. The records of the City Tax Assessor reflect a lower allocation for office space, 25% and higher for industrial, 75%. Testimony of both Mr. Coyle and Ralph Wilcox, an SLF employee reveal that the greater the allocation of office space, the greater the cost to reproduce the building. This Court rejects the valuation produced by SLF, which allocates 60% to office space and 40% industrial, as erroneous based upon the floor plan, city records and a personal inspection by Mr. Coyle. Mr. Wilcox for SLF further testified that the figures he arrived at were not based upon a personal inspection of the property, but rather on the representations from an employee in the field. Mr. Coyle's method utilized a depreciation factor of 20% for physical depreciation, economic obsolescence, functional obsolescence, and physical deterioration. SLF utilized a depreciation factor of 1.9% which does not accurately reflect depreciation for obsolescence and deterioration. For the above-stated reasons, the Court accepts the valuation by Mr. Coyle of $2,300,000 and rejects the valuation by Mr. Wilcox of $4,492,010. Kargman, at 546.
Both experts testified that the best indication of fair market value is the actual sale of the property. Based upon the actual purchase price of $1,800,000 and upon comparable sales, Mr. Coyle determined that the fair market value of the property was $2,300,000. It is undisputed that no property in the Highland Industrial Park has sold for anywhere near $4,500,000.
Finally, based upon the income projection approach, Mr. Coyle confirmed the fair market value to be $2,300,000. Determinative factors are the typical rental rates of similar properties, and a computation of gross income based upon $5.50 per square foot. Mr. Coyle reached this figure based on his familiarity with other rentals in the area and on a review of lease agreements for properties in the subject area.
The City of Woonsocket has relied upon the cost reproduction approach by Mr. Wilcox, and not upon the income projection approach, in which Mr. Wilcox determined the fair market rental to be $9.00 per square foot.
Based upon the expert testimony and other evidence before this Court, it is determined that the plaintiffs have paid excess taxes for the 1988, 1989, 1990 and 1991 tax years. The value of the property is set at $2,300,000 in accordance with Mr. Coyle's testimony. The defendant shall reimburse the plaintiff for excess taxes paid.
Judgment may enter for the plaintiff in the amount of $220,906.67; $177,997.56 principal + $42,909.11 interest, and per diem $58.56.